IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AMERICAN FIRE & CASUALTY INSURANCE COMPANY,** | OPINION & ORDER |
| Plaintiff, | |
| v. | Case No. 3:21-cv-00607-MO (lead case) |
| **A.O. SMITH CORPORATION,** | |
| Defendant | |
| **A.O. SMITH CORPORATION,** | |
| Third-Party Plaintiff | |
| v. | |
| **DEERING MANAGEMENT GROUP, INC.,** | |
| Third-Party Defendant. | |

| | |
|---|---|
| **AMERICAN INTERNATIONAL GROUP UK LIMITED**, as Subrogees of Providence St. Joseph Health, **et al.**, | Case No. 3:21-cv-00401-MO (trailing case) |
| Plaintiffs, | |
| v. | |
| **A.O. SMITH CORPORATION, et al.**, | |
| Defendants. | |

//
//
//

**MOSMAN, J.,**

This matter comes before me on Deering Management Group's Motion to Dismiss A.O. Smith's first cause of action for indemnification [ECF 38 (lead case)], [ECF 52 (trailing case)]. For the reasons discussed below, I DENY Deering's motion.

Defendant A.O. Smith manufactures water heaters. Not. of Removal [ECF 1] (lead case) Ex. 1 ¶ 4. In March 2019, one of those water heaters failed, releasing steam and water in an office building, causing extensive property damage. *Id.* ¶¶ 6, 10. Tenants of the office building initiated this action against A.O. Smith, among other defendants.

Deering had been retained by the owner of the office building, GEM Capital Investments, to manage the property. Third-Party Compl. [ECF 22] (lead case) ¶ 12.[1] A.O. Smith contends that it was Deering's poor maintenance of the water heater that caused its failure rather than any manufacturing defect. *Id.* ¶¶ 15–18. Seeking both contribution and indemnification, Defendant A.O. Smith filed a third-party complaint against Deering. *Id.* ¶¶ 15–20.

Deering moves to dismiss A.O. Smith's indemnification action against it. Mot. to Dismiss [ECF 38 (lead case)] [ECF 52 (trailing case)] at 2. I grant this motion.

Because Deering was retained by GEM and not A.O. Smith, it is unclear that A.O. Smith had the privity with Deering necessary to support an indemnity claim. *See Eclectic Inv., LLC v. Patterson*, 346 P.3d 468, 472 (Or. 2015) (an indemnity claimant must show that it "has discharged a legal obligation owed to a third party") (internal quotation marks omitted). But even if A.O. Smith could show privity with Deering, Oregon law does not sustain indemnity claims in actions governed by its comparative fault statutes. *Id.* at 475 ("The doctrine of common-law indemnity was developed before comparative responsibility and is inconsistent with its

---

[1] For reasons unknown, no Third-Party Complaint has been filed in the trailing case.

framework."); *see also T-W Transp., Inc. v. TA Operating, LLC*, No. 3:15-cv-00099-AC, 2015 WL 5247080, at *4 (D. Or. Sept. 3, 2015) (observing that "the Oregon Supreme Court eliminated common law indemnity claims").

A.O. Smith argues that its third-party complaint is necessary to properly allocate fault. Resp. to Mot. to Dismiss [ECF 39] (lead case), [ECF 53] (trailing case) at 5. However, A.O. Smith's third-party complaint pleads indemnification and contribution. Deering has only moved to dismiss the indemnification claim. A.O. Smith fails to explain what relief it hopes to obtain with its indemnification claim that it could not otherwise obtain through its contribution claim. Nor could it: as the Oregon Supreme Court has ruled, comparative fault subsumes indemnity. *Eclectic*, 346 P.3d at 474–75.

Accordingly, I GRANT Deering's Motion to Dismiss [ECF 38 (lead case)] [ECF 52 (trailing case)] and dismiss A.O. Smith's indemnification claim.

IT IS SO ORDERED.

DATED this 27 of June, 2022

MICHAEL W. MOSMAN
Senior United States District Judge